UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH A. JARVI,

               Plaintiff,                          Civil No. 08-611-HA

               v.                               OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               Defendant.

_____

HAGGERTY, District Judge:

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act). Plaintiff requests judicial review of a decision by the Commissioner of the Social Security

Administration (SSA) denying his application for disability insurance benefits (DIB) and

Supplemental Security Income (SSI) benefits. He seeks an order reversing the Commissioner's

decision and remanding this case for an award of benefits. This court has jurisdiction under 42

U.S.C. §§ 405(g) and 1383(c)(3). After reviewing the record of this case and evaluating

counsel's arguments, this court concludes that this action must be remanded for additional

1  - OPINION AND ORDER

administrative proceedings that address plaintiff's medical evaluations, functional assessments and whether plaintiff can perform work existing in significant numbers in the national economy.

**ADMINISTRATIVE HISTORY**

Plaintiff protectively filed his applications for DIB and SSI benefits on May 16, 2005. Tr. 23.[1]  Plaintiff's applications were denied initially and upon reconsideration.  An administrative law judge (ALJ) conducted a hearing, and subsequently issued a decision finding that there were a significant number of jobs in the national economy that plaintiff could perform in light of his residual functional capacity (RFC).  Tr. 32.  Plaintiff was found not disabled within the meaning of the Act.  The Appeals Council initially remanded the decision, then vacated that remand, rendering the ALJ's conclusions the Commissioner's final decision for purposes of obtaining this judicial review.

**FACTUAL BACKGROUND**

Plaintiff was born in November, 1955, and has at least a high school education.  Tr. 30, 97.  His past relevant work experience includes working as painter and a framer.  Tr. 30, 93, 103, 342.  Plaintiff alleges disability beginning on October 1, 2003, primarily because of his heart condition.  Details about plaintiff's medical condition and other facts are addressed below.

**STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

---

1      Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2  - OPINION AND ORDER

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).

The Listings describe, for each of the major body systems, impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's RFC, which is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since October 1, 2003, the alleged disability onset date. Tr. 25, Finding 2.

5  - OPINION AND ORDER

At step two, the ALJ found that plaintiff suffered severe impairments including coronary artery disease, a history of a series of stents, and asthma.  Tr. 25, Finding 3.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments in the Listings of Impairments.  Tr. 26, Finding 4.

The ALJ then determined plaintiff's RFC:

[t]he claimant has the residual functional capacity to perform a limited range of light exertion work activity.  He is able to lift up to 20 pounds occasionally and 10 pounds frequently.  He is able to stand and/or walk for 6 hours out of an 8-hour workday and sit for 6 hours out of an 8-hour workday.  He is limited to activities that involve no more than occasional climbing of ramps and stairs.  He should avoid crawling, and climbing of ladders, ropes, and scaffolds.  He is limited to activities that do no involve concentrated exposure to fumes, dusts, and gases.  He is limited to activities that involve no more than occasional public interaction.

Tr. 27, Finding 5.

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. Tr. 30, Finding 6.

At step five, the ALJ found that plaintiff was not disabled because he could perform other work existing in significant numbers in the national economy, such as working as a laundry worker, a mail room clerk, or a small products assembler.  Tr. 31, Findings 10-11.

Accordingly, the ALJ was compelled to conclude that plaintiff was not eligible for DIB or SSI benefits.

## QUESTION PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action for an award of benefits.  Primarily, plaintiff alleges that: (1) the ALJ

improperly rejected medical opinions and plaintiff's own testimony; and (2) the ALJ improperly

concluded that plaintiff retained the capacity to return to work and is not disabled as defined by

the Act.  Pl's Opening Brief at 6.

**DISCUSSION**

    **1.**    **Medical opinions**

Plaintiff first contends that the ALJ did not provide sufficient reasons for rejecting the

testimony of his treating cardiac physician, Dr. Charles C. Oh.  Pl.'s Opening Brief at 6.  The

ALJ explicitly discounted Dr. Oh's opinions, giving those opinions "very little weight" because,

according to the ALJ, Dr. Oh's testimony was unsupported by test results, objective findings or

other supporting information; plaintiff failed to report similar symptoms to another doctor; and

plaintiff allegedly failed to undergo further stress tests or follow up on the recommendations of

his physicians.  Tr.29-30.

An ALJ may reject the contradicted opinion of a treating or examining physician by

stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating

or examining physician by providing clear and convincing reasons, supported by substantial

evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester*

*v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons

for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for

rejecting controverted expert opinions); *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.

1988) (clear and convincing reasons must be provided to support rejection of a treating

physician's ultimate conclusions).

Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than a reviewing physician's conclusions. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *Lester*, 81 F.3d at 830; *see also Carmickle v. Comm'r.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (opinions from doctors with the most significant clinical relationship with the claimant are generally entitled to more weight than opinions from doctors with lesser relationships).

An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester*, 81 F.3d at 832-33 (citing *Embrey*, 849 F.2d at 422). Although a treating physician's opinion "is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). An ALJ need not accept a treating physician's opinion that is conclusory or brief. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Similarly, an ALJ may discredit the opinions of a treating physician that are unsupported by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole"); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion largely based on a claimant's discredited subjective complaints or presenting inconsistencies between the opinion and the medical record or a claimant's daily activities).

Plaintiff argues that, as his primary cardiac physician since 2004, Dr. Oh treated him for "accelerating precordial chest pain," nausea, diaphoresis, and depression, and that the physician's treatment records establish that plaintiff suffers from acute coronary syndrome, coronary artery disease, and recurring angina. Reply Brief at 2 (citations omitted).

The ALJ first referred to Dr. Oh by recognizing that the physician was plaintiff's cardiologist, and that Dr. Oh "noted on August 18, 2005, that [plaintiff] was not able to work until testing is completed due to cardiac pathology." Tr. 30. The ALJ then noted correctly that "Dr. Oh's opinions deserve significant consideration" because he was plaintiff's treating physician, but the ALJ proceeded to declare that "Dr. Oh offers no support by way of test results, objective findings or other supporting information." *Id*. The ALJ also discounted Dr. Oh's opinions because (1) his treatment notes from August 2005 reflect complaints from plaintiff that differ from what plaintiff told another physician three weeks earlier; (2) plaintiff failed to undertake a stress echocardiogram that Dr. Oh recommended, although the reasons for this failure were "unclear" to the ALJ; and (3) plaintiff also failed to follow up on "recommendations given by his doctors," which suggested to the ALJ that plaintiff's symptoms "may not be as serious as [plaintiff] has alleged." *Id*.

The opinions of Dr. Oh – as presented in August 2005 as well as throughout his record of treating plaintiff – could be interpreted as contradicting the view of agency physician Scott Pritchard, D.O., who opined that plaintiff retained sufficient RFC to perform light exertion work activity. Tr. 29. The ALJ gave "significant weight" to this view. *Id*. Accordingly, the ALJ's reasons for discounting Dr. Oh's opinions must be at least specific and legitimate. *Bayliss*, 427

F.3d at 1216.  This court is compelled to conclude that the reasons provided by the ALJ for discounting Dr. Oh's opinions fail to meet this standard.

First, it was disingenuous to declare that "Dr. Oh offers no support by way of test results, objective findings or other supporting information," or that the weight of his opinions should be diminished because plaintiff did not recite the same symptoms to another doctor.  The first rationalization overlooks Dr. Oh's extensive medical record regarding his treatment of plaintiff. *See, e.g.,* Tr. 203 ("Probable acute coronary syndrome"); Tr. 216-20 (laboratory report referring to "Dr. Oh's more extensive findings" and "coronary artery disease"); Tr. 270-74 (notes from Dr. Oh dating between November 11, 2004, and June 15, 2006, referring to plaintiff's significant coronary problems).

The second rationalization pertained to plaintiff's subjective reporting to Dr. Currie in July 2005.  The ALJ discounted Dr. Oh's opinions because the symptoms Dr. Oh recorded in August 2005 were not also recited to Dr. Currie.  Tr. 30.  This rationalization is insufficient because at worst, it pertains to plaintiff's credibility – not the validity of Dr. Oh's findings.  Doctor Oh's opinions were established through examinations, tests, and extensive care, and were not derived primarily from plaintiff's subjective reporting.

Skepticism by the ALJ would be understandable, however.  Plaintiff testified to that he denied any chest pain, shortness of breath, or coughing to Dr. Currie, and had no answer to Dr. Currie's inquiry as to why he could not work.  Tr. 326.  This testimony, while troubling to those charged with fairly evaluating plaintiff's entitlement to benefits, fails to adequately refute Dr. Oh's opinions of plaintiff's medical impairments.

Finally, the ALJ's last reason for attributing "very little weight" to medical opinions that he acknowledged generally warrant "significant consideration" is specious.  The ALJ noted that plaintiff failed to undertake a stress echocardiogram that Dr. Oh recommended, and also failed to follow up on "recommendations given by his doctors."  Tr. 30.  Although the ALJ acknowledged that the reasons for this failure were "unclear," the ALJ nevertheless assumed that these failures could mean that plaintiff's symptoms "may not be as serious as [plaintiff] has alleged."  *Id.*

This final reason for discounting Dr. Oh's opinions is insufficient for several reasons.  First, the ALJ admitted that plaintiff's reasons for failing to pursue follow-up treatment were unclear to him.  Accordingly, inferring from the failures that plaintiff was exaggerating his symptoms is baseless.  Moreover, Dr. Oh's opinions are not necessarily deserving of less weight because of these failures.  As noted above, his opinions are not based upon discredited subjective complaints and are not inconsistent with the medical record or plaintiff's daily activities.  The ALJ's decision to summarily reject those opinions is unwarranted.  *Tommasetti*, 533 F.3d at 1041.

### 2. Plaintiff's Subjective Complaints

Plaintiff also contends that the ALJ "improperly dismissed Mr. Jarvi without clear and convincing evidence, and did not properly consider plaintiff's testimony regarding his stated limitations."  Pl's Opening Brief at 6.  Moreover, plaintiff complains that the ALJ failed to consider plaintiff's morbid obesity sufficiently.  *Id.*

This court has reviewed the ALJ's evaluation of plaintiff's subjective complaints and the determination that those complaints "were not entirely credible because a review of the medical records revealed that [plaintiff's] symptoms were disproportionate to the objective and clinical

11 - OPINION AND ORDER

findings." Tr. 28.  The reasons the ALJ provided for his findings were generally clear and convincing and adequate.  Because this matter must be remanded for further proceedings, however, the court deems it helpful to address some issues.

Upon remand, the ALJ shall consider evidence and testimony regarding whether plaintiff suffers "severe chest pains four to five times daily, as well as shortness of breath and fatigue," as alleged by counsel.  Reply at 6.  If such claims are presented sufficiently, the evaluation of their validity shall not be unduly affected by plaintiff's ability to medically control his asthma.

The ALJ shall also resolve any significant discrepancies regarding evidence, testimony, and conclusions pertaining to  how long plaintiff can stand or walk in a day.  If evidence is presented regarding plaintiff's morbid obesity, the ALJ shall address any interactive effects such obesity has upon plaintiff's impairments.

Plaintiff's other arguments have been considered and have been found to be without merit.  However, because the error committed by the ALJ regarding the evaluation of Dr. Oh's opinions is not harmless, remand of this action is necessary.  A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g).  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007).  A sentence-four remand is essentially a determination that the Commissioner erred in denying benefits.  *Id*. (citations omitted).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to

12 - OPINION AND ORDER

deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. §

405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).

The issues presented here compel a remand under sentence four.  The decision whether to

remand under sentence four for further proceedings or for the immediate payment of benefits is

within the discretion of the court.  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  "[A]

remand for further proceedings is unnecessary if the record is fully developed and it is clear from

the record that the ALJ would be required to award benefits."  *Holohan*, 246 F.3d at 1210.

In this matter, this court concludes that outstanding issues remain that must be resolved

before a determination of disability can be made.  Further proceedings will be useful, and I

exercise the discretion of the court to remand this case for additional administrative proceedings

that address the proper weight to attribute to Dr. Oh's opinions, plaintiff's medical evaluations,

his functional assessments, and whether plaintiff can perform work existing in significant

numbers in the national economy.  The parties may revisit the issue of determining plaintiff's

RFC, and may present evidence and elicit expert testimony to ascertain whether work that

plaintiff can perform exists in significant numbers in the national economy.

## **CONCLUSION**

This court concludes that the decision of the Commissioner regarding Keith A. Jarvi must

be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order

and the parameters provided herein.

IT IS SO ORDERED.

DATED this  4   day of September, 2009.

13 - OPINION AND ORDER

    /s/ANCER L. HAGGERTY    
ANCER L. HAGGERTY
United States District Judge

14 - OPINION AND ORDER